## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Salahudin Ash-Shaheed

    v.                                                      Case No. 19-cv-1037-JL

Irina Vaintrub,
Kenneth Fulginiti, and
Duffy & Partners

### REPORT AND RECOMMENDATION

Plaintiff Salahudin Ash-Shaheed, proceeding pro se, is an inmate at the Federal Correction Institution in Berlin, N.H., having pleaded guilty to federal robbery and kidnapping charges in 2015. See United States v. Shaheed, Crim. No. 15-187-2, 2019 U.S. Dist. Lexis 109988 (E.D. Pa. June 28, 2019). In 2016, defendant Irina Vaintrub sued Shaheed and others in Pennsylvania state court for injuries she suffered in the incident that led to Shaheed's conviction. That case was settled before trial in February 2018. See Vaintrub v. Shaheed, et al., Case ID No. 160503471, (Phil Ct. Com. Pl., Order of Settlement filed Feb. 13, 2018). Plaintiff has now sued Vaintrub and her attorneys, alleging fraudulent conduct in the Pennsylvania civil case. Plaintiff's complaint (Doc. No. 1) has been referred to the undersigned magistrate judge for preliminary review, pursuant to LR 4.3(d) and 28 U.S.C. § 1915(e)(2). For the reasons that follow, plaintiff's complaint should be dismissed.

**Preliminary Review Standard**

The magistrate judge conducts a preliminary review of complaints, like the plaintiff's, which are filed in forma pauperis. See LR 4.3(d). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d). In conducting its preliminary review, the court construes pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

**Discussion**

Plaintiff's central allegation is that Vaintrub and her attorneys perpetuated a fraud in the Pennsylvania action when Vaintrub exaggerated her injury claims. But in the context of a post-judgment fraud allegation in a civil case, "'[t]he principle' is that . . . 'relief should ordinarily be sought in the court that rendered the judgment' being thus challenged." Lundborg v. Phoenix Leasing, Inc., 91 F.3d 265, 272 (1st Cir. 1996) (quoting Restatement (Second), Judgments § 79 cmt. b

(1982)).  Moreover, just as the court in Lundborg found it significant that the state court that issued the underlying judgment could consider granting relief based on fraud, id. at 272, the plaintiff here can raise his fraud allegation in a petition to set aside the settlement in the Pennsylvania court. See Ahab III, Inc. v. Satiro, No. 2249 EDA 2017, 2018 Pa. Super. Unpub. LEXIS 979, 2018 WL 1516654, at *3 (Pa. Super. Ct. Mar. 28, 2018) (indicating that fraud is a valid basis for setting aside a settlement) (citing Rago v. Nace, 460 A.2d 337, 339 (Pa. Super. 1983) (citation omitted)); see also McDonnell v. Ford Motor Co., 643 A.2d 1102, 1106 (Pa. Super. 1994) (noting that, under some circumstances, an evidentiary hearing could be appropriate in matters of contested settlement agreements) (citing Limmer v. Country Belle Coop. Farmers, 286 A.2d 669, 670 (Pa. Super. 1971)).[1]

The conclusion reached by our Court of Appeals in Lundborg is equally applicable here:  "[I]n the peculiar circumstances of this case, abstention is appropriate."  91 F.3d at 272. "[R]elief, if available at all, is fully available in the [] state court; indeed, [state] law controls on this issue.  Id. Finally the court observed that, as in this case, it was of "great importance" that neither the federal lawsuit nor the

---

[1] The court takes no view on the merits of plaintiff's fraud allegations, noting only that it can be pursued in Pennsylvania.

underlying state case presents a direct federal interest or issue of federal law.  Id.  Accordingly, the district judge should dismiss this case without prejudice to plaintiff's ability to seek relief in Pennsylvania state court.

## Conclusion

For the foregoing reasons, the district judge should dismiss plaintiff's complaint without prejudice to the plaintiff re-asserting his claims in the Pennsylvania court that issued the underlying judgment.  See 28 U.S.C. § 1915(e)(2).  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 1, 2020

cc:  Salahudin Ash-Shaheed, pro se